**Fravel v. Weary**

C.P. of Adams County, no. 99-S-618.

*Leah G. Graff,* for plaintiffs.
*Paul W. Grego,* for defendant.

KUHN, *J.,* August 24, 2000—The underlying action arises from an automobile accident involving two vehicles and a pedestrian. The parties have raised the issue of whether plaintiff, Amy E. Fravel, is covered by full or limited tort insurance coverage. The parties submitted memorandums of law and argument was heard on the matter on June 26, 2000. The court ruled that the burden

of proof is on defendant to refute plaintiffs' assertion that Ms. Fravel is covered under the full tort option.

## STATEMENT OF FACTS

On September 28, 1998, defendant, Marilyn Forney Weary, was traveling northbound on Carlisle Road. (Compl. ¶5.) Upon reaching the intersection of Carlisle Road and the Peach Glen-Idaville Road, defendant attempted to make a left hand turn onto the Peach Glen-Idaville Road. (Compl. ¶5.) In doing so, she turned directly into the path of a vehicle travelling southbound on Carlisle Road and the two vehicles collided. (Compl. ¶5.) The southbound vehicle was forced off the road and onto the sidewalk where it struck plaintiff, Amy E. Fravel, who was travelling on foot at the time. (Compl. ¶6.) Plaintiff, Ms. Fravel, received injuries as a result of being struck by the vehicle. (Compl. ¶¶6, 11.)

Plaintiff, Ms. Fravel, resides with her husband, co-plaintiff, Jerry Fravel, and her parents, Richard and Nancy Crouse. (Jerry Fravel depo. at 6.) Mr. Fravel is the *named insured* on an automobile insurance policy with Progressive. (Br. of def. in resp. to pls.' mem. of law, ex. C.) Ms. Fravel is a *named* driver on the Progressive policy. (Br. of def. in resp. to pls.' mem. of law, ex. C.) The Progressive policy lists a 1991 Saturn, owned by Mr. Fravel, as the covered vehicle. (Br. of def. in resp. to pls.' mem. of law, ex. C.) Mr. Fravel chose the limited tort option. (Br. of def. in resp. to pls.' mem. of law, ex. C.)

Mr. Crouse is the *named insured* on an automobile insurance policy with Allstate. (Br. of def. in resp. to pls.' mem. of law, ex. D.) The Allstate policy lists a 1993 Pontiac Grand Prix as the covered vehicle. (Br. of def. in resp. to pls.' mem. of law, ex. D.) Mr. Crouse chose full

tort coverage on his policy. (Br. of def. in resp. to pls.' mem. of law, ex. D.)

Ms. Fravel is an achondroplastic dwarf, thus adaptive pedals must be installed in a vehicle in order for her to be able to drive. (Amy Fravel depo. at 6; Jerry Fravel depo. at 6-7.) The 1991 Saturn has been fitted with these adaptive pedals and Ms. Fravel has driven that car once or twice. (Jerry Fravel depo. at 6-7.) The 1993 Pontiac Grand Prix has not been fitted with these pedals, thus Ms. Fravel is unable to drive that car. (Jerry Fravel depo. at 6-7.)

## LEGAL DISCUSSION

The parties seek determination of whether Ms. Fravel may recover under the full tort option of her father's automobile insurance policy or whether she is bound by the limited tort option under her husband's automobile insurance policy. The Motor Vehicle Financial Responsibility Law provides:

"The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle. In the case where more than one private passenger motor vehicle policy is applicable to an insured and the policies have conflicting tort options, the insured is bound by the tort option of the policy associated with the private passenger motor vehicle in which the insured is an occupant at the time of the accident if he is an insured on that policy and bound by the full tort option otherwise." 75 Pa.C.S. §1705(b)(2).

A "named insured" is "[a]ny individual identified by name as an insured in a policy of private passenger mo-

tor vehicle insurance." 75 Pa.C.S. §1705(f). An "insured" includes "any individual residing in the household of the named insured who is . . . a spouse or other relative of the named insured . . . ." 75 Pa.C.S. §1705(f). The word "household" is not defined in the statute so it shall be interpreted as having its common and approved usage. 1 Pa.C.S. §1903. That word is commonly used as referring to "belonging to the house and family," Black's Law Dictionary, seventh edition, or "those who dwell under the same roof and compose a family." Webster's New Collegiate Dictionary (1979).

Ms. Fravel is not a named insured under either policy. She is, however, an insured under both policies. She resides in the household of Mr. Fravel and Mr. Crouse, the named insureds, and is the spouse of the former and a relative of the latter. Thus, the first sentence of section 1705(b)(2) does not apply to this situation.

Elements of the second sentence of section 1705(b)(2) are present in this case. First, more than one policy is applicable to Ms. Fravel, the insured. Second, the policies have conflicting tort options. Third, Ms. Fravel was not an occupant of either vehicle covered by the two policies with the conflicting tort options. Thus, interpreting the intent of the last phrase of section 1705(b)(2) has become the focus of each party's argument.

Plaintiff contends that the phrase "land bound by the full tort option otherwise" was intended to mean that in all situations where the insured is an insured under policies with conflicting tort options and is not an occupant of a vehicle associated with one of those policies she is then to be covered under the policy with the full tort option. Defendant argues that this phrase was not intended to apply to pedestrians. Instead, she suggests that

"the legislature sought to answer the question concerning which tort option applied to an occupant of a motor vehicle who was an insured on the policy covering that vehicle and which tort option applied to an occupant of a vehicle who was not an insured on the policy covering the motor vehicle." (Br. of def. ¶8.) Although the phrase being examined may well address the conflict, defendant suggests we find no basis to limit it solely to that situation. Defendant points to no other provision of the MVFRL which addresses coverage for pedestrians in the situation in which Ms. Fravel finds herself. We believe section 1705(b)(2) was intended to address all conflicts. In fact, as noted in *Berger v. Rinaldi,* 438 Pa. Super. 78, 651 A.2d 553 (1994),

"With respect to which tort option shall apply in any given case, Representative Hayden, who supported enactment of the 1990 amendments to the MVFRL, stated that 'in virtually every circumstance where there is a question about [which] coverage will apply, there is a conscious attempt to rule in favor of the full tort alternative.' House Legislative Journal page 214, February 7, 1990." 438 Pa. Super. at 88, 651 A.2d at 557.

Our holding would lend support to that legislative intent.

Defendant also contends that because Ms. Fravel was physically unable to drive her father's car, because her husband's car was specifically adapted for her particular limitations, and because she had no property interest in her father's car, that she should be subject to that limited tort option in the Progressive policy. We find no basis under the MVFRL to so limit Ms. Fravel's coverage. She is an insured under her father's policy and entitled to the full tort option unless otherwise limited pursuant

206

to section 1705(b)(2). Those limitations do not apply unless she was an occupant in her husband's car.

Accordingly, the attached order is issued.

## ORDER

And now, August 24, 2000, pursuant to the reasoning set forth in the attached memorandum opinion, this court rules that plaintiff, Amy E. Fravel, is entitled to the benefits of the full tort option available under policy no. 0-98-790897-11/09 issued by Allstate.